**WAGNER, Plaintiff-Appellant, v. B. & O. RAILROAD COMPANY Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 1811. Decided June 5, 1944.

George E. Alcorn, Dayton, for plaintiff-appellant.

Marshall, Harlan & Marshall, Dayton, for defendant-appellee.

358

## OPINION

BY THE COURT:

The above entitled cause is now being determined on defendant-appellee's motion to dismiss plaintiff-appellant's appeal on questions of law for the reason that the notice of appeal was not filed within the twenty days after the entry of judgment in the Commin Pleas Court.

Counsel for defendant-appellee have appended to their motion a memorandum. Counsel for plaintiff-appellant presents no brief as against the motion. The final entry filed December 22, 1943, omitting the formal parts, reads as follows:

"This cause comes on to be heard on the motion of defendant to strike the fourth amended petition from the files. Whereupon the court finds said motion to be well taken and sustains the same and the fourth amended petition is ordered striken from the files and this case is dismissed at costs to plaintiff. To all of which action and ruling of the court plaintiff, by his counsel, excepts."

The original entry bears evidence of having been signed by counsel for plaintiff and defendant as well as the trial judge. On December 28, 1943, counsel for plaintiff filed a motion to strike the judgment entry from the files for the claimed reason that it does not conform to the decision rendered by the court.

While not important, it does appear from the memoranda accompanying the motion that counsel makes no reference to the claim that the judgment entry does not conform to the decision. This latter motion was overruled on January 21, 1944.

On February 10, 1944 counsel for plaintiff gave notice of appeal on questions of law from the judgment of the Common Pleas Court. The notice of appeal does not designate or identify the judgment appealed from. Again this is not important for the reason that we must determine what is the final judgment. We might guess that counsel for appel-

lant was of the opinion that the overruling of his motion to set the judgment aside was the final order. We come to this conclusion from the fact that his notice of appeal would be in time if this action of the court was the final order from which the appeal could be taken.

We have no difficulty in determining that the final judgment was the order of the court made December 22, 1943, striking plaintiff's fourth amended petition from the files and dismissing the action at plaintiff's costs.

It therefore follows that the notice of appeal was not filed within the twenty days prescribed under the law.

We have no alternative except to dismiss the appeal at appellant's costs. Entry may be drawn accordingly.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.

ON APPLICATION FOR REHEARING

Decided July 8, 1944.

BY THE COURT:

The above entitled cause is now being determined on plaintiff-appellant's application for rehearing on our decision rendered June 6, 1944.

In our opinion we determined that the entry filed December 22, 1943 was the final order and that since the notice of appeal was not filed within twenty days following such entry, the motion to dismiss must be sustained. In the opinion we made some comment that counsel for appellant had made no reference to his claim that judgment entry did not conform to the decision. In making this observation we also stated that it was not important. Counsel in their memoranda accompanying the motion for rehearing now state the particulars in which the entry did not conform to the decision as follows: "The opinion did not contain the phrase 'and this case is dismissed at the costs of the plaintiff'."

This is not at all unusual where the court ascertains after sustaining a demurrer or motion that counsel does not desire to plead further. Under such a situation the entry logically follows that the case is dismissed and costs adjudged against the petitioner. In our original opinion it was pointed out that counsel for appellant has signed the entry and therefore was aware of the order of the court.

We adhere to our former ruling that this was the final order.

When the trial court sustained the demurrer and dismissed the petition the case was at an end. To permit a litigant to file motion to set aside such final order and thus extend the time for filing an appeal would have the result of holding the case indefinitely since after every ruling counsel might file a further motion to set aside, etc.

The application for rehearing will be denied.

BARNES, P. J., HORNBECK and GEIGER, JJ. concur.